FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 15 2010

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH THORNHILL, | ) |
| | ) |
| Plaintiff, | ) 4:10 cv 1644 BSM |
| | ) |
| v. | ) |
| | ) |
| NATIONAL ASSET | ) This case assigned to District Judge Miller |
| RECOVERY SERVICES, INC., | ) and to Magistrate Judge Volpe |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, ELIZABETH THORNHILL, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, NATIONAL ASSET RECOVERY SERVICES, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. ELIZABETH THORNHILL, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of North Little Rock, County of Pulaski, State of Arkansas.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Applied Card Services.

1

6. The debt that Plaintiff allegedly owed Applied Card Services was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. NATIONAL ASSET RECOVERY SERVICES, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant is incorporated in the State of Missouri.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.  ALLEGATIONS

14. On or about September 20, 2010, Defendant left an automated voicemail message for Plaintiff in an attempt to collect a debt that she allegedly owed.

15. At no time during the course of the aforementioned voicemail message left for Plaintiff did Defendant provide information relative to the individual caller's identity.

16. On or about September 20, 2010, Defendant, again, initiated a telephone call to Plaintiff and left another automated voicemail message for Plaintiff.

17. The aforesaid voicemail message, again, failed to provide information relative to the individual caller's identity.

18. On or about September 21, 2010, Defendant initiated two (2) telephone calls to Plaintiff in a single day.

19. During the two (2) aforesaid telephone calls, Defendant, again, left automated voicemail messages for Plaintiff.

20. The contents of the aforesaid voicemail messages were identical to the voicemails left for Plaintiff on or about September 20, 2010.

21. On or about September 24, 2010, Defendant, again, initiated two (2) telephone calls to Plaintiff in a single day.

22. Again, during the two (2) aforesaid telephone calls, Defendant left automated voicemail messages for Plaintiff.

23. The contents of the aforesaid automated voicemail messages were identical to the voicemails left for Plaintiff on or about September 20, 2010.

24. The repetitive calls made by Defendant to Plaintiff were disturbing, harassing, and had the effect of making Plaintiff feel concerned and suspicious about answering the telephone.

25. In its attempts to collect the debt allegedly owed by Plaintiff to Applied Card Services, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5);

    b. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6); and,

    c. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

26. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

27. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ELIZABETH THORNHILL, by and through her attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**ELIZABETH THORNHILL**

By: _____
David M. Marco
Attorney for Plaintiff

Dated: November 9, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:  (312) 222-9028 (x812)
Facsimile:   (888) 418-1277
E-Mail:       dmarco@smithlaw.us